{¶ 19} There is no question that Appellant's vulgar language would be offensive to a reasonable person. His conviction, however, cannot be based upon the content of his speech. Accordingly, I respectfully dissent.
"No matter how rude, abusive, offensive, or vulgar words may be to another person, one who uses them may not be convicted of a criminal offense for his utterance unless they are `fighting words,' that is, words which by their very utterance are likely to inflict injury or to provoke the average person to an immediate, retaliatory breach of the peace." State v. Semler (1993), 90 Ohio App.3d 369, 371. While disrespectful and profane, Appellant's speech did not reach the level of fighting words. Id. at 371-372. His interaction with the officer was extremely limited, and no physical confrontation of any kind occurred. Contrast, Akron v. Bozic (Oct. 17, 2001), 9th Dist. No. 20351, at *5-6. As the content of Appellant's speech is protected by the First Amendment, his conviction must rest solely upon his conduct, without any reference to the content of his speech.
 {¶ 20} Appellant was in the parking lot of a bowling alley at approximately 10:15 in the evening. The bowling alley was open and patrons were still arriving at the time the police arrived. Appellant was intoxicated and shouting loudly. No other facts were presented relevant to the charge. The record contains no evidence that Appellant was engaged in any conduct other than shouting, was approaching the bowling alley patrons, or was directing his shouting at any individual patron. I believe that the majority errs in its reliance on Semler to support Appellant's conviction. In Semler, the defendant was convicted for disorderly conduct for shouting loudly in a residential area at 2 a.m. Id. at 372. In the instant matter, Appellant was in the parking lot of a commercialbusiness that was still open at the time of the incident.
 {¶ 21} Stripping away the offensive content of Appellant's protected speech, I cannot conclude that a person of ordinary sensibility would be offended by his conduct, i.e., shouting in the parking lot of an open bowling alley at approximately 10 p.m. Accordingly, I would reverse Appellant's conviction for disorderly conduct.